# In the United States Court of Federal Claims

No. 23-654
Filed: May 9, 2023
NOT FOR PUBLICATION

**IRINA COLLIER,**

        *Plaintiff*,

v.

**UNITED STATES,**

        *Defendant*.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

    The plaintiff, Irina Collier, proceeding *pro se*, filed this action on May 3, 2023, and filed an amended complaint on May 5, 2023. The plaintiff has not identified a valid basis for Tucker Act jurisdiction in either her original complaint or her amended complaint. The case is therefore dismissed pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

    Before considering the merits of a plaintiff's claims, a court must first determine that is has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

    The plaintiff is proceeding *pro se*. As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, the court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

    It is difficult to interpret the plaintiff's complaint. Construing the amended complaint liberally, it appears the plaintiff alleges ten distinct claims: (1) government agencies obstructed justice in connection with the attempted insurrection on January 6, 2021; (2) the United States Court of Appeals for the Federal Circuit mishandled one of the plaintiff's cases; (3) a domestic-

violence restraining order has been violated; (4) the U.S. Postal Service ("USPS") committed fraud by mishandling her mailed court filings; (5) the plaintiff's alleged misdiagnosis with mental-health disorders was recorded in her medical charts and police records and has affected her ability to travel and receive medical and emergency care; (6) the plaintiff has suffered police brutality; (7) the plaintiff's son has been trafficked, abused, and medically neglected; (8) the plaintiff was misled into moving into a mental-health facility receiving government funding; (9) Stanford University and the University of California are undermining the government; and (10) numerous actors have violated the Privacy Act, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("Patriot Act"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

The plaintiff's original and amended complaint allege similar claims. To her amended complaint, the plaintiff attached copies of her correspondence with the clerk's offices of the United States Court of Appeals for the Federal Circuit, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States. The plaintiff also included copies of financial statements, images of photographs taken on a cell phone, copies of comic-book strips, screenshots of emails sent by the plaintiff to various parties, screenshots of social-media posts, and other indecipherable images.

Even assuming, as a court must do at this stage of the case, that all the plaintiff's allegations are true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none of the allegations falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

For a claim to fall within the limited jurisdiction of the Court of Federal Claims, the claim must be against the United States. *See* 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The plaintiff's claims against local law-enforcement officers, Stanford University, the University of California, and other private actors must therefore be dismissed for lack of jurisdiction. In addition, the Court of Federal Claims has no legal authority to review the actions of the United States Court of Appeals for the Federal Circuit; instead, the Federal Circuit reviews actions of the Court of Federal Claims. *See* 28 U.S.C. § 1295(a)(3).

A plaintiff suing in the Court of Federal Claims has the burden of identifying a statutory, regulatory, or constitutional provision that is money-mandating, meaning that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *Mitchell*, 463 U.S. at 216-17 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). The claim also cannot arise from a tort. 28 U.S.C. § 1491(a)(1).

The plaintiff has failed to identify a money-mandating source of law sufficient to support jurisdiction in the Court of Federal Claims pursuant to the Tucker Act. Claims of fraud, obstruction of justice, human trafficking, abuse, domestic violence, medical negligence, and the like involve "criminal or tortious behavior" that does not give rise to jurisdiction under the Tucker Act. *Martin v. United States*, Case No. 2022-1810, 2023 WL 1878576, at *4 (Fed. Cir. Feb. 10, 2023); *see Ullman v. United States*, 151 F. App'x 941, 945 (Fed. Cir. 2005). The Court of Federal Claims also lacks jurisdiction over claims for violations of the Privacy Act, the Patriot Act, and RICO. *See Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) (Privacy Act); *Clark v. United States*, 116 F. App'x 278, 279-80 (Fed. Cir. 2004) (Patriot Act); *Julian v. United States*, 658 F. App'x 1014, 1016-17 (Fed. Cir. 2016) (RICO). The Court therefore lacks jurisdiction over all the plaintiff's claims.

When a court lacks subject-matter jurisdiction, the court shall transfer the complaint to another court with jurisdiction "if it is in the interest of justice." 28 U.S.C. § 1631. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quoting 28 U.S.C. § 1631). The plaintiff has filed numerous claims and appeals in the U.S. District Court for the Northern District of California, the U.S. District Court for the Southern District of California, the U.S. Court of Appeals for the Federal Circuit, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court. *E.g.*, *Collier v. Collier*, Case No. 23-CV-00170-DMS-DDL, 2023 WL 1767012, at *3 (S.D. Cal. Feb. 3, 2023). The plaintiff's most recent claims have been dismissed as frivolous and duplicative of earlier claims. *See id.* Transfer of the plaintiff's claims therefore would not be "in the interest of justice." 28 U.S.C. § 1631.

RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because the Court lacks jurisdiction over the plaintiff's claims and transfer is inappropriate, dismissal of the plaintiff's claims is appropriate.

The plaintiff's complaint is therefore **DISMISSED** without prejudice pursuant to RCFC 12(h)(3).[1] Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[1] The plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. Because the plaintiff's complaint is being dismissed, the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of dismissing the complaint.